Reese, J.
delivered the opinion of the court.
This is a suit brought by an endorsen against an endorser before *323 a justice of the peace, for a sura exceeding fifty dollars, and the question is whether the magistrate had jurisdiction. This court determined, in the case of Mitchell vs. Miller, Meigs, 510, that by the act of 1837, ch. 22, sec. I, extending the jurisdiction of justices of the peace, their jurisdiction is confined to the case of a liability arising directly out of the instrument itself, and does not embrace an indirect collateral or contingent liability, created not by the terms of the instrument but by operation of law, as the liability of an endorsee, &c. But the question now before us is, whether the 2nd section of the act of 1831, ch. 59, has been repealed by the terms and purview of the act of 1835, ch. 17, secs. 1 and 2. The section of the act first above referred to, provides that, “a justice of the peace out of court shall have jurisdiction of all cases of one hundred dollars or under, as well against the endorser or endorsers as against the maker or makers of a bill, bond or promissory note, whether for cash or trade.” The first section of the act of 1835, ch. 17, provides that a justice of the peace “shall have and exercise jurisdiction over all debts and demands, due on any specialty, note or agreement signed by the party to be charged therewith, on which the judgment will not sound in damages, &c.” and the 2nd section of the same act gives jurisdiction over all sums not exceeding fifty dollars which may be due (among other enumerated cases) “by contract in writing signed by the party to be charged therewith, on which the judgment would sound in damages, whether due by obligation, note or assumpsit,” &c. The mere recital and placing in juxta-position of the above provisions, sufficiently shows, it seems to us, that the 2nd sec. of the act of 1831, cannot stand. The terms “judgment sounding in damages” used in both sections of the act of 1835, excludes, and must have intended to exclude liabilities between endorsee and endorser above the sum of fifty dollars, the judgment upon which at that time would sound in damages. The point indeed is involved in discusssion in the case of Mitchell vs. Miller, Meigs, 510. For if notwithstanding the provisions of the act of 1835, the jurisdiction in such cases, was to the amount of one hundred dollars, the act of 1837 would have extended it -to two hundred dollars. It may fairly be supposed that the experience of the country between 1831 and 1835, satisfied the warmest advocates of these domestic tribunals, of the difficulty, not to say, total impracticability of their judicious or even just application of the principles of the law merchant, in such ca *324 ses, to the rights of parties in trials before them. We think therefore that a magistrate has dot jurisdiction in such case, above the sum of fifty dollars. And we may be permitted to remark that if it were doubtful whether or not the act of 1831, ch. 59, sec. 2, were in force, it would be our duty to sustain the negative, because the constitution of the U. States having provided that the trial by jury shall be preserved, all such extensions of jurisdiction are of doubtful propriety, and the reason originally given by our courts to sustain the extension of jurisdiction to the sum of fifty dollars, namely, that the right of trial by jury was not by it impaired, because an appeal was provided, a reason of doubtful force at the time, became weakened on each successive extension of jurisdiction; because the obtaining of such appeal is made more and more difficult. But we entertain no doubt that the act of 1835 does repeal the 2nd section of the act of 1831, and therefore, we reverse the judgment.